UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 AUG 11  P 4:22

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DELOISE PRICE,               )
                             )
     PLAINTIFF               )
                             )
                             )  Case No. 2:06-cv-721
vs.                          )
                             )
WAL-MART STORES, INC.; AND   )
EXTREME PERFORMANCE, INC.,   )
                             )
                             )
     DEFENDANTS.             )

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant Wal-Mart Stores East, LP, incorrectly named in the Complaint as Wal-Mart Stores, Inc., (hereafter "Wal-Mart") files this Notice of Removal to remove this civil action from the Circuit Court of Montgomery County, Alabama, wherein it was filed as CV-06-1715, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal, Defendant shows as follows:

### Diversity of Citizenship

Removal jurisdiction based on diversity of citizenship is founded on the following:

1.   This case, styled *Deloise Price v. Wal-Mart Stores, Inc., et al.* was filed on June 16, 2006 in the Circuit Court of Montgomery County, Alabama, bearing Civil Action No. CV-06-1715. Plaintiff's Complaint also names Extreme Performance, Inc., ("Extreme Performance") as a Defendant in this matter.

2.   Plaintiff's Complaint alleges Counts of Negligence, Wantonness, Breach of Implied Warranty of Merchantability, and the Alabama Extended Manufacturers Liability Doctrine against both Wal-Mart and Extreme Performance. Plaintiff is a resident citizen of Montgomery County, Alabama. Complaint at Para. 1.

01372537.1

3. Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LP has two members – WSE Investment, LLC and WSE Management, LLC – both of which are Delaware corporations with principal place of business in Bentonville, Arkansas. Pursuant to 28 U.S.C. §1332(c)(1), Defendant is a citizen of the States of Delaware and Arkansas. As a result, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

4. Extreme Performance is a foreign corporation (Complaint at ¶ 2) and its principal place of business is not in Alabama. On information and belief, Extreme Performance's principal place of business is in Los Alamitos, California. As a result, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

Thus, there is complete diversity of citizenship between Plaintiff and named Defendants.

## Amount In Controversy

5. Plaintiff's Complaint does not specify the damages sought. Where there is an unspecified claim for damages, a removing defendant need <u>not</u> meet the strict "legal certainty" test. *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F.Supp. 1399, 1389 (Ala.1998). Instead, a removing defendant need only show by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional requirement. *Id.* This lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer. *Id.*

6. Plaintiff claims injuries and damages resulting from a fall from an exercise product called a Model EE 120 Deluxe Magnetic Elliptical Machine allegedly purchased from

Wal-Mart. Plaintiff's Complaint alleges that her injuries are "severe" (Complaint at ¶5.) Medical records provided indicate that Plaintiff complains of injury to her neck, shoulders, back and legs. She underwent surgery on her right knee. The Complaint seeks damages for medical bills and other financial losses, pain and suffering, mental anguish and emotional distress. (Complaint at ¶12.)

7. Plaintiff also claims punitive damages in an amount to be determined by the jury. Prospective punitive damages must be considered in any calculation of the amount in controversy. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered") (citations omitted).

8. In determining whether the jurisdictional level has been met, this Court may also look for guidance to recent decisions rendered in cases on the same type of suit. See *Bolling v. Nat'l Union Life Ins. Co*, 900 F.Supp 400, 405 (M.D. Ala. 1998). Juries often award damages in excess of $75,000 in personal injury cases. *Shiv-Ram, Inc. v. McCaleb*, 892 So. 2d 299 (Ala. 2003) (affirming jury's award of $675,000 to an individual who injured her ankle while staying at defendant's hotel); *Hornady Truck Line, Inc. v. Meadows*, 847 So. 2d 908, 923 (Ala. 2002) (affirming a jury's award of $1,750,000 to an individual who injured his ankle in an automobile accident); *Hathcock v. Wood*, 815 So. 2d 502 (Ala. 2001) (affirming a jury verdict of $600,000 to a plaintiff who sustained injuries in an automobile accident); *Wal-Mart Stores, Inc. v. Rolin*, 813 So. 2d 861 (Ala 2001) (affirming jury's award of $150,000 for injuries sustained to plaintiff's hip received in an accident at defendant's store); *Kmart Corp. v. West*, 779 So. 2d 1188 (Ala. 2000) (affirming without an opinion a jury verdict awarding $310,000 to a plaintiff

who was injured at defendant's place of business); *Kmart Corp. v. Peak*, 757 So. 2d 1138 (Ala. 1999) (affirming jury's award of $325,000 for hip injury and emotional distress sustained by plaintiff at defendant's store); *Superskate, Inc. v. Nolan*, 641 So. 2d 231 (Ala. 1994) (affirming a jury verdict of $85,000 for injuries sustained by plaintiff at skating rink); *Pepsi Cola Bottling Co. of Luverne, Inc. v. Allen*, 572 So. 2d 434, 436 (Ala. 1990) (affirming a jury's award of $250,000 for injuries sustained to plaintiff's neck, shoulder and knee received in an automobile accident).

9.     If any question arises as to the existence of the requisite amount in controversy, then Wal-Mart respectfully requests the opportunity to conduct limited discovery and to submit post-removal evidence in accordance with the procedure recently adopted by the Eleventh Circuit. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). In affirming the denial of plaintiffs' motion to remand, the Eleventh Circuit held that the district court properly considered defendant's post-removal evidence including defendant's requests for admission directed to the amount in controversy. The Eleventh Circuit explained that, "[w]e align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction." *Id*.

### Timeliness of Filing

10.    Wal-Mart was served on July 13, 2006. Wal-Mart files this removal within thirty days after receipt of service of the summons and complaint. *See* 28 U.S.C. § 1446(b). Accordingly, this removal is timely filed.

### Consent of All Defendants

11.    As stated previously, Extreme Performance is named as a defendant in this action. The Montgomery County court record makes clear that Extreme Performance has not yet been served in this case. *See* Copy of returned Summons marked undeliverable, attached as Exhibit

01372537.1

4

"A". Thus, because Extreme Performance has not been served in this action, their consent is not necessary for its removal. *See* 28 U.S.C. § 1448.

## The Action

12. Attached hereto and marked as Exhibit "B" are true and correct copies of the Summons and Complaint, constituting all pleadings and process served on Wal-Mart in the civil action.

13. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal, is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama.

## The Other Removal Prerequisites Have Been Satisfied

14. Because this Notice of Removal is filed within thirty days of service of the Complaint upon the first served Defendant, it is timely under 28 U.S.C. § 1446(b).

15. Defendant has sought no similar relief with respect to this matter.

16. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

17. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

18. The allegations of this notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Middle District of Alabama, and this cause is removable to the United States District Court for the Middle District of Alabama.

19. If any question arises as to the propriety of the removal of this action, United Rentals requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE**, Wal-Mart, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of

said Court for the County in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Respectfully submitted,

_____
John A. Earnhardt
Robert H. Fowlkes
Attorneys for Defendant, Wal-Mart Stores East, LP

**OF COUNSEL**:
**MAYNARD, COOPER & GALE, P.C.**
Attorneys at Law
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Jock M. Smith, Esq.
Brian P. Strength, Esq
Valerie Rucker Russell, Esq.
**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**
P.O. Box 830419
Tuskegee, AL 36083

on this the 11th day of August, 2006

/s/ Robert H. Fowlkes
OF COUNSEL

# Exhibit A

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to:<br>Extreme Performance<br>21644 N 14th Avenue<br>Phoenix, AZ 85027 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>S&C D2<br>CV06-1715<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7005 1160 0002 7979 1182   STR052 |
| PS Form 3811, February 2004 | Domestic Return Receipt   102595-02-M-1540 |


Filed Melissa Rittenour Circuit Clerk

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Melissa Rittenour
Circuit Clerk & Register
251 South Lawrence St.
Montgomery, AL 36104

```
CIRC251      850   1 1 N   C 40 07/19/06
             RETURN TO SENDER
        NO FORWARD ORDER ON FILE
             UNABLE TO FORWARD
             RETURN TO SENDER
    BC: 36104421899 PM *1779-07755-19-22
```

P- Delouse Price
d- Wal Mart

# Exhibit B

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
07/13/2006
Log Number 511310433

**TO:** Cathy Stephens
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AR, 72716

**RE:** Process Served in Alabama

**FOR:** Wal-Mart Stores, Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Deloise Price, Pltf. vs. Wal-Mart Stores, Inc., et al. Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Montgomery County Circuit Court, AL<br>Case # CV 06 1715 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Personal injuries due to disfunctional machine. |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/13/2006 postmarked on 06/15/2006 |
| **APPEARANCE OR ANSWER DUE:** | 30 days |
| **ATTORNEY(S) / SENDER(S):** | Brian P. Strength<br>PO Box 830419<br>Tuskegee, AL, 36083 |
| **ACTION ITEMS:** | CT has archived the current log, Archive Date: 07/13/2006, Expected Purge Date: 07/18/2006<br>Image SOP - Page(s): 7<br>Email Notification, Cathy Stephens ctsop@walmartlegal.com |
| **SIGNED:** | |
| **ADDRESS:** | The Corporation Company<br>2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL, 36109 |
| **TELEPHONE:** | 334-387-7680 |

Page 1 of 1 / CT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

| State of Alabama  Unified Judicial System | SUMMONS - CIVIL | Case Number  CV- 06-1715  ID YR # |
|---|---|---|

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

Plaintiff(s) Deloise Price V. Defendant(s) Wal-Mart Stores, Inc., et al.

NOTICE TO: Wal-Mart Stores, Inc., c/o The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS' ATTORNEY BRIAN P. STRENGTH WHOSE ADDRESS IS POST OFFICE BOX 830419, TUSKEGEE, ALABAMA 36083. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT OF DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

____ To any Sheriff or any person authorized by either rules 4.1(b) (2) or 4.2(b) (2) or 4.4 (b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

X  This service is by certified mail of this summons and is initiated upon the written request of Plaintiff(s) pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

07/07/06
Date

Melissa Rittenour   By: K
Clerk/Register

FILED 2006 JUN 16 PM 2:15 CIRCUIT COURT OF MONTGOMERY COUNTY

**RETURN OF SERVICE:**

☐ Certified Mail return receipt received in this office on (Date) _____ (Return receipt hereto attached).

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama, on (Date) _____.

_____     _____
Date                   Server's Signature
Address of Server: _____   Type of Server: _____

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| Deloise Price, | ) |
|     Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. CV-06-1715 |
| Wal-Mart Stores, Inc., Extreme Performance, Inc., Fictitious Defendants "A", "B", and "C", whether singular or plural, as those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained. | ) |
|     Defendants. | ) |

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 JUN 16 PM 2:25

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff Deloise Price is over the age of majority and is a resident citizen of Montgomery County, Alabama.

2. Defendant, Wal-Mart Stores, Inc. is a foreign corporation doing business in Montgomery County, Alabama. Extreme Performance, Inc. is a foreign corporation doing business in Montgomery County, Alabama.

3. Fictitious Defendants "A", "B", and "C" whether singular or plural, are those other persons, firms, partnerships, corporations, or other entities whose names are currently unknown to Plaintiff, who in any way participated in the wrongs alleged herein, and who will be added by amendment once ascertained. Defendant "D" is the person who assembled the product at issue. The term "Defendants" as used herein shall mean all defendants, including fictitious defendants.

1

## STATEMENT OF THE FACTS

4. On or about June 24, 2004, the Plaintiff was injured when she used an exercise product called a Model EE 120 Deluxe Magnetic Elliptical Machine manufactured and distributed by Extreme Performance, Inc. She bought the product at Wal-Mart. It was assembled at Wal-Mart.

5. The machine abruptly came apart, causing the Plaintiff to fall and suffer severe injuries.

6. The machine came apart because it was negligently designed and assembled, and it was assembled without all of the necessary parts.

7. As a direct and proximate consequence of the Defendants conduct Plaintiff was caused to suffer injuries and damages.

## COUNT ONE - NEGLIGENCE/WANTONNESS

8. The Plaintiff re-alleges and incorporates the allegations in the above paragraphs as if fully set forth herein.

9. The Defendants had exclusive control of the assembly of the product sold to the Plaintiff.

10. Defendants knew or should have known, with the exercise of reasonable care, that the product was dangerous and was not assembled properly.

11. Defendants owed a duty to Plaintiff to make sure that the product was designed and assembled correctly. An agent of Wal-Mart, acting in the line and scope of his authority, negligently and wantonly assembled the machine.

12. The failure of Defendants to exercise their duty caused the Plaintiff to suffer the following injuries and damages:

    a) Medical bills and other financial losses;
    b) Pain and suffering; and
    c) Mental anguish and emotional distress.

WHEREFORE, Plaintiff seeks all compensatory and punitive damages against the Defendants, jointly and severally, and all fictitious party Defendants in an amount to be

determined by the jury above the jurisdictional minimum of this Court, plus costs and other relief to which plaintiff is entitled by law.

## COUNT TWO
### Breach of the Implied Warranty of Merchantability

13. The Plaintiff re-alleges and incorporates the allegations in the above paragraphs as if fully set forth herein.

14. Defendants are merchants within the preview of §2-104(1) fo the Uniform Commercial Code with respect to goods of the kind involved in the transaction herein referred to.

15. On or about June 24, 2004, Plaintiff used a machine purchased from Defendants.

16. The Plaintiff relied on the implied warranty of merchantability as outlined in the Uniform Commercial Code with respect to goods of the kind sold to Plaintiff. The product was defective in that is was not properly designed and/or assembled.

17. As a direct and proximate consequence of the unwholesome condition of the said item and the Defendants' breach of the implied warranty of merchantability, Plaintiff was caused to suffer injuries and damages as set forth above.

WHEREFORE, Plaintiff seeks all compensatory and punitive damages against the Defendants, jointly and severally, and all fictitious party Defendants in an amount to be determined by the jury above the jurisdictional minimum of this Court, plus costs and other relief to which plaintiff is entitled by law.

## COUNT THREE
### Action in Accordance with the Alabama Extended Manufacturers Liability Doctrine

18. Plaintiff re-alleges and incorporates the allegations in the above paragraphs as if fully set forth herein.

19. This action is brought in accordance with the Alabama Extended Manufacturers Liability Doctrine.

20. Defendants are engaged in the business of selling such products as the item that is made the basis of this complaint.

3

21. The product was expected to and in fact did reach the Plaintiff without substantial change in the condition in which it was sold to her by the Defendants.

22. The product was defective and unreasonably dangerous at the time that it left the possession of the Defendant.

23. The defective and unreasonably dangerous condition of the product proximately caused injury to Plaintiff, and the same is the injury for which recovery is sought.

WHEREFORE, Plaintiff seeks all compensatory and punitive damages against the Defendants, jointly and severally, and all fictitious party Defendants in an amount to be determined by the jury above the jurisdictional minimum of this Court, plus costs and other relief to which plaintiff is entitled by law.

Respectfully Submitted,

JOCK M. SMITH (SMI047)
BRIAN P. STRENGTH (STR052)
VALERIE RUCKER. RUSSELL (RUS038)
Attorneys for Plaintiff

OF COUNSEL:
COCHRAN, CHERRY, GIVENS & SMITH
Post Office Box 830419
Tuskegee, Alabama 36083
Tel: (334) 727-0060
Fax: (334) 727-7197

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE

Of Counsel

4

