UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DELOISE PRICE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) Civil Action No: 2:06cv721 |
| | ) |
| WAL-MART STORES, INC., et al. | ) |
| | ) |
| DEFENDANTS. | ) |

### ANSWER

COMES NOW, Defendant Wal-Mart Stores East, LP, incorrectly named in the Complaint as Wal-Mart Stores, Inc., (hereinafter "Wal-Mart") and answers the numbered allegations of Plaintiff's Complaint as follows:

#### STATEMENT OF THE PARTIES

1. Defendant is without sufficient information to admit or deny the allegations averred in this paragraph.

2. As this paragraph relates to Wal-Mart, Wal-Mart admits that it is a foreign limited partnership. As this paragraph relates to other parties, the defendant is without sufficient information to admit or deny the allegations contained therein.

3. This paragraph appears to be directed towards other defendants. To the extent it is directed to defendant Wal-Mart, it is denied.

#### STATEMENT OF THE PARTIES

4. Denied.

5. Denied.

6. Denied.

7. Denied.

1

01370038.1

## COUNT ONE
### Negligence/Wantonness

8. Wal-Mart's previous responses are adopted herein by reference.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

Wal-Mart denies the Plaintiff is entitled to the relief asserted in the unnumbered paragraph following paragraph 12.

## COUNT TWO
### Breach of Implied Warranty of Merchantability

13. Wal-Mart's previous responses are adopted herein by reference.

14. Defendant is without information sufficient to admit or deny this allegation.

15. Denied.

16. Denied.

17. Denied.

Wal-Mart denies the Plaintiff is entitled to the relief asserted in the unnumbered paragraph following paragraph 17.

## COUNT THREE
### Action in Accordance with the Alabama Extended Manufacturers Liability Doctrine

18. Wal-Mart's previous responses are adopted herein by reference.

19. Denied.

20. Defendant is without sufficient information to admit or deny this allegation.

21. Denied.

22. Denied.

23. Denied

01370038.1

Wal-Mart denies the Plaintiff is entitled to the relief asserted in the unnumbered paragraph following paragraph 23.

### FIRST DEFENSE

Defendant is not guilty of the matters and things alleged in the Complaint.

### SECOND DEFENSE

Defendant avers that there is no causal relation between the acts of Defendant and injuries and damages claimed in the Complaint.

### THIRD DEFENSE

Defendant avers contributory negligence and product misuse as affirmative defenses.

### FOURTH DEFENSE

Defendant avers assumption of the risk as an affirmative defense.

### FIFTH DEFENSE

Defendant avers product alteration and modification as an affirmative defense.

### SIXTH DEFENSE

Defendant avers that plaintiff's medical expenses have been paid by collateral sources. ALA. CODE § 6-5-522 (1975).

### SEVENTH DEFENSE

Defendant made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiff. If any such warranties were made, whether express or implied, which Defendant specifically denies, then plaintiff failed to give timely notice of any breach thereof.

### EIGHTH DEFENSE

The product which plaintiff alleges in the Complaint to be defective met standards of the

state of the art and the state of engineering knowledge at the time of its manufacture to the extent of the knowledge then available to the manufacturing community.

### NINTH DEFENSE

Defendant avers that plaintiff's claims are barred by the applicable statute of limitations and the equitable doctrine of laches.

### TENTH DEFENSE

Some or all the claims in the Complaint fail to state a claim against defendant upon which relief can be granted.

### ELEVENTH DEFENSE

Defendant avers that plaintiff's claims are barred by the doctrine of collateral estoppel, equitable estoppel, and waiver.

### TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata, release, and accord and satisfaction.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in the part, by the parol evidence rule.

### FOURTEENTH DEFENSE

Plaintiff lacks standing to sue.

### FIFTEENTH DEFENSE

Defendant provided adequate and complete warnings, if required.

### SIXTEENTH DEFENSE

Defendant avers that plaintiff's injuries were caused by a superseding, intervening cause which broke the causal chain, if any.

01370038.1

### SEVENTEENTH DEFENSE

Defendant denies that plaintiff was injured or harmed in any way by any alleged act or omission by Defendant or its agents.

### EIGHTEENTH DEFENSE

Defendant avers the statute and doctrine of repose as an affirmative defense.

### NINETEENTH DEFENSE

Defendant pleads spoliation of evidence as an affirmative defense.

### TWENTIETH DEFENSE

Defendant avers lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, improper venue, and forum non conveniens as affirmative defenses.

### TWENTY-FIRST DEFENSE

The rules of evidence as applied by the courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

### TWENTY-SECOND DEFENSE

The Complaint fails to aver the claims for relief with sufficient definiteness as required by Rule 8 of Ala. R. Civ. P.

### TWENTY-THIRD DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard, or guideline upon which to rely in

calculating mental anguish damage awards.

### TWENTY-FOURTH DEFENSE

Defendant cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27 (1993).

### TWENTY-FIFTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

### TWENTY-SIXTH DEFENSE

Ala. Code § 6-11-21 bars plaintiff's claim for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

### TWENTY-SEVENTH DEFENSE

Alabama Act No. 99-358 bars plaintiff's claim for punitive damages to the extent that those claims exceed the amount of $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive

01370038.1

damages under Alabama law would violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### TWENTY-NINTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

### THIRTIETH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate defendant's substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

### THIRTY-FIRST DEFENSE

Any award of punitive damages based on anything other than defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent defendant from being subject to other judgments awarded with the goal of punishing defendant for the same wrong. In effect, defendant would receive multiple punishments for the same wrong.

### THIRTY-SECOND DEFENSE

Any award of punitive damages in this case would violate defendant's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama.

### THIRTY-THIRD DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc., 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J.,

dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment and review of such awards is constitutionally deficient. See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

### THIRTY-FOURTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express range of penalties established by the legislature.

### THIRTY-FIFTH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary, and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to defendant's alleged conduct in this matter or to any alleged harm to plaintiff and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art, I, § 15.

### THIRTY-SIXTH DEFENSE

Without the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### THIRTY-SEVENTH DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon defendant's status as a large, out-of-state, corporate entity.

### THIRTY-EIGHTH DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### THIRTY-NINTH DEFENSE

Plaintiff's claim for punitive damages against defendant cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

01370038.1

### FORTIETH DEFENSE

Any award of punitive damages based on anything other than defendant's conduct, if any, in connection with the sale of the specific product, as opposed to conduct outside the State of Alabama, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the Alabama Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the guarantee against double jeopardy, because any other judgment for damages in this case cannot protect defendant against impermissible multiple punishments for the same wrong. See Gore v. BMW of North America, Inc., 116 S.Ct. 1509 (1996).

### FORTY-FIRST DEFENSE

Plaintiff's demand for punitive damages is unconstitutional and violates defendant's right to due process guaranteed by the Fifth Amendment and the Fourteenth Amendment of the United States Constitution and Article I, Section 6, of the Alabama Constitution, because the jury is not authorized to apportion damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by each alleged tortfeasor.

### FORTY-SECOND DEFENSE

Defendant is denied due process and equal protection of the law because it is denied defenses available to other defendants in tort cases.

### FORTY-THIRD DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to defendant in this case.

01370038.1

By: /s/ Robert H. Fowlkes
John A. Earnhardt
Robert H. Fowlkes
Attorneys for Wal-Mart Stores East, LP

**OF COUNSEL**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
AmSouth/Harbert Plaza, Ste. 2400
Birmingham, Alabama 35203-2618
Telephone (205) 254-1000
Facsimile (205) 254-1999

01370038.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing a copy thereof in the United States mail, properly addressed, on this the 11th day of August, 2006.

Attorney for Plaintiff
Jock M. Smith (SMI047)
Brian P. Strength (STR052)
Valerie Rucker Russell (RUS038)
COCHRAN, CHERRY, GIVENS & SMITH
Post Office Box 830419
Tuskegee, Alabama 36083

_____
OF COUNSEL

01370038.1