### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **DELOISE PRICE,** | &#124; |
|     **PLAINTIFF** | &#124; |
| vs. | &#124;   **CASE NO. 2:06-CV-721-MHT** |
| **WAL-MART STORES, INC.,** et al., | &#124; |
|     **DEFENDANTS** | &#124; |

### EXTREME PERFORMANCE, INC.'S
### ANSWER

Comes now the Defendant identified as Extreme Performance, Inc. and for answer to the Complaint filed in this matter states as follows:

1.  It is admitted as of June 2005 that Plaintiff was represented to be a resident of Montgomery. Otherwise, this Defendant is without sufficient information to either admit or deny the allegations of this paragraph as of this time.

2.  Denied. Extreme Performance, Inc. did not manufacture the product or sell the product to Wal-Mart.

3.  No answer necessary.

4.  Denied. Extreme Performance, Inc. did not manufacture or distribute the product to Wal-Mart.

5. This Defendant is without sufficient information to admit or deny this allegation.

6. This Defendant is without sufficient information to admit or deny this allegation.

7. This Defendant is without sufficient information to admit or deny this allegation.

8. This Defendant adopts its responses to the prior paragraphs.

9. Denied.

10. Denied.

11. Denied as to Extreme Performance. Extreme Performance, Inc. did not manufacture, distribute, sell or assemble the product.

12. Denied.

13. This Defendant adopts its responses to the prior paragraphs.

14. Admitted that Extreme Performance is a distributor of exercise equipment and that is has licensed its name to be used by a manufacturer of exercise equipment but it did not sell, distribute, manufacture or assemble the product referred to in the complaint.

15. Denied.

16. Denied.

17. Denied.

18. This Defendant adopts its responses to the prior paragraphs.

19. No answer necessary.

20. Admitted, but it is denied that Extreme Performance sold or distributed the product referenced in the complaint.

21. This Defendant is without sufficient information to either admit or deny the allegations of this paragraph.

22. Denied.

23. Denied.

## SECOND DEFENSE

This Defendant did not manufacture, distribute, sell or assemble the product in question to Wal-Mart and its actions bear no causal relation to the claims of the Plaintiff. The name Extreme Performance was licensed to the manufacturer of the product so that it could sell the product directly to Wal-Mart.

## THIRD DEFENSE

To the extent Plaintiff's claim for wantonness may invoke punitive damages, it violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip, 111 S. Ct. 1032, 113 L. Ed. 2d 1.*

(d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(h)  The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

4

(i) The Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(1) It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil Defendant upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(3) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(5) The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(j) The Plaintiff's attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(k) The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(l) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

(m) The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(n) The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(o) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under ALA. CODE, § 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

## FOURTH DEFENSE

Plaintiff's Complaint seeks to make Defendants liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) on the issue of punitive damages. This Defendant adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case.

## FIFTH DEFENSE

This Defendant affirmatively pleads that any punitive damages that the Plaintiff may recover in this case should be capped in keeping with ALA. CODE § 6-11-21 and in the spirit of the Alabama Supreme Court's recent decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

## SIXTH DEFENSE

The demand for punitive damages in the instant case is subject to the limitations established by the Alabama Legislature and set forth in ALA. CODE § 6-11-21, (1975). The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision. *See Honda Motor Company, Ltd. v. Oberg*, 512 U. S. 415, 114 S. Ct. 2331, 2340 n. 9 (1994).

## SEVENTH DEFENSE

This Defendant avers that the punitive damage cap set out in ALA. CODE § 6-11-21, (1975) applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 2001 WL 1520623 (Ala. Nov. 30, 2001).

## EIGHTH DEFENSE

This Defendant avers that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. See *TXO Production Corp. v. Alliance Resources Corp.* 113 S. Ct. 2711 (US 1993).

## NINTH DEFENSE

This Defendant avers that the method of imposing punitive damages violates Amendment 328, Section 6.11, which prohibits the use of a procedural rule to

abridge, enlarge or modify the substantive right of any party. See *Leonard v. Terminix Intern. Co., L.P*. 2002 WL 31341084.

### TENTH DEFENSE

The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

### ELEVENTH DEFENSE

This Defendant pleads the defense of contributory negligence.

### TWELFTH DEFENSE

This Defendant pleads the defense of lack of notice of breach of warranty. Ala. Code 1975 § 7-2-607.

                                        *S/Dennis R. Bailey*
                                        Dennis R. Bailey
                                        Attorney for Defendant

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing pleading through the ECMF system on this the 23rd day of October, 2006, which will forward same to:

> Jock M. Smith
> Brian P. Strength
> Valerie Rucker Russell
> Cochran, Cherry, Givens, Smith, Lane & Taylor
> Post Office Box 830419
> Tuskegee, Alabama   36083
>
> John E. Earnhardt
> Robert Fowlkes
> Maynard, Cooper & Gale
> 1901 Sixth Avenue North
> 2400 AmSouth/Harbert Plaza
> Birmingham, Alabama   35203-2602

                                        _S/Dennis R. Bailey_____
                                        Of counsel