# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **DELOISE PRICE,** | \| |
| **PLAINTIFF** | \| |
| vs. | **CASE NO. 2:06-CV-721** |
| **WAL-MART STORES, INC.,** et al., | \| |
| **DEFENDANTS** | \| |

## DEFENDANT EXTREME PERFORMANCE, INC.'S INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33, defendant Extreme Performance, Inc. (hereinafter "Extreme"), by and through its attorneys, RUSHTON STAKELY JOHNSTON & GARRETT, P.A., respectfully requests that Plaintiff provide full and complete answers to the following interrogatories within thirty (30) days:

### DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories, the terms below shall be understood to have the meanings described below:

1.   The term "Defendant Extreme" means and refers to the entity identified as Extreme Performance, Inc., or any related company or corporation, or

any of their employees, agents, representatives, or other persons alleged to have acted with authority or under such party's direction or control.

2. The terms "Plaintiff," "you" and "your" mean Plaintiff Deloise Price.

3. The term "photograph" means and includes any photographs, copies, or reproductions of photographs, negatives, film, or magnetic recordings, digital images, video recordings or tapes, movies, microfilm or microfiche recordings.

4. The term "document" means and includes any writings, letters, memoranda, correspondence, notes, receipts, canceled checks, invoices, statements, carbon or photographic reproductions of any of the foregoing, electronically stored data or computer disks containing such data, or any other tangible object which permanently or semi-permanently records data or information. The term also includes any information stored on a computer system or by any other electronic means.

5. The term "statement" means and includes any recording of statements made by a person who has knowledge of any relevant facts concerning the events, recordings, or occurrences which are in controversy in the above-styled and numbered cause, as well as any transcription of such statements and/or memoranda or writings concerning, reporting, or summarizing statements made by such persons.

6. The term "exercise product" means and refers to the Model EE 120 Deluxe Magnetic Elliptical Machine with Pulse which was allegedly involved in the incident made the basis of this suit, as described in Plaintiff's Complaint.

7. The term "maintenance" means and includes any work done for the purpose of preventing wear and tear and maintaining the exercise product in question and any component part or assembly of the same in good condition or good repair.

8. The term "modification" means and includes the addition of any new part, device, component, assembly, or piece of equipment to the exercise product in question which was not originally part of the exercise product when purchased. The term also includes removal, without replacement, or repositioning of any part, device, component, assembly, or piece of equipment which was originally supplied with the exercise product in question at the time of purchase.

9. The term "repair" means and includes any type of work done, including replacement of parts, to correct or attempt to correct mechanical problems, breakages, malfunctions, defects, or any other nonconforming aspect of the exercise product in question. This term shall also include adjustments made to correct or attempt to correct any problems or complaints.

10. The terms "occurrence in question" or "the accident" means and refers to the incident referred to in Plaintiff's Complaint to have occurred on

June 24, 2004, wherein it is alleged that Plaintiff was injured while using the exercise product.

11. The term "identify" means to provide all known or last known information concerning the person or entity, including, but not limited to, the following: full name, address of residence, address of business, employer, phone numbers (business, home, cellular, pager), social security number, date of birth, FEIN, driver's license number, email address. In addition, where current whereabouts are unknown, please identify any other person who may have knowledge of such whereabouts.

12. Unless otherwise specified, the time period covered by these interrogatories is from June 24, 2004 to the present.

13. Each Interrogatory and subparagraph or subdivision thereof is to be separately answered. If you cannot respond to a particular interrogatory, so indicate why.

## INTERROGATORIES TO PLAINTIFFS

1. State Plaintiff's full name, date of birth, social security number, driver's license number and issuing state, employer (where applicable), current home address, and home address at the time of the occurrence in question.

2. State the date when Plaintiff purchased the exercise product and the date it was delivered to Plaintiff.

3. State the location where the exercise product was purchased.

4. How many times had Plaintiff used the exercise product prior to the injury on June 24, 2004?

5. What time of day did the injury occur?

6. Did anyone call 911 when the accident occurred? If so, who?

7. Did you visit an emergency room or other medical facility following the accident?

8. When did you first seek medical treatment following the accident?

9. Where did you FIRST seek medical treatment following the accident?

10. Identify each healthcare professional or healthcare institution who has provided any medical care or mental health services or counseling to Plaintiff within the last ten years, regardless of whether such medical care, mental health services or counseling was directly related to the occurrence in question.

11. Identify each person, business, governmental agency, charitable organization or insurer who has paid, or is responsible for paying, any of the medical expenses incurred by any plaintiff as a result of the occurrence in question, and state the amount paid by each such payor.

        In the event that medical care or services were provided to you without charge, you may so state, estimating the value thereof, and identifying the provider of such free services.

12. In your Complaint, you allege that the exercise product in question was negligently designed. Please state, with particularity, each and every design defect that you allege exists with regard to the exercise product, including in your answer, with specificity, the manner in which the exercise product in question is alleged to have been negligently designed, and the means by which such alleged defect should have been identified and corrected by any defendant.

13. Describe specifically the facts upon which you base your claim for punitive damages against this defendant.

14. If you or your attorney have obtained any written or verbal representations, statements, affidavits, discovery responses, deposition or trial testimony from any employee, officer, director, or representative of any defendant, or any person retained as an expert witness by any defendant, please describe the substance of each and every such representation, statement, affidavit, discovery response, or testimony, and state the name, address, and telephone number of each employee, representative or expert of any defendant who made any

such statement. In the alternative, you may produce a copy of each such statement.

15. If you have ever been a party or witness in a legal action, either civil or criminal, at any time in the past, please state the date the action was filed (or date of arrest), the court, city, and state where the action was filed, the name of each and every party to such action, the name of each and every attorney who represented any party in any action, the nature of the claim involved in such action, or any description of the charges in the case of criminal actions, the final disposition of any such civil action, including any amount of money recovered as a result of any such civil action, and including any sentence or other disposition imposed as a result of any such criminal action.

16. Describe in detail any experience that plaintiff has had in using exercise equipment of any type, including the exercise product in question, either before or after the occurrence in question. Your answer should include a description of the experience that you have had; state the number or frequency of such past experiences; and describe the type of exercise equipment involved.

17. State the extent to which you had ever read or reviewed any portion of the owners manual or other written information concerning the

exercise product in question prior to the occurrence in question. Your answer should include a description of the specific portions of such materials that you reviewed, if any.

18. Identify each person who claims to have seen or heard any part of the occurrence in question, or who was present at the scene of the occurrence during the 24 hour period immediately following the occurrence.

19. Describe and identify the current custodian of any artifacts that have been retained or preserved following the occurrence in question, including the exercise product in question, any parts or components thereof, articles of clothing or footwear worn by Plaintiff at the time of her injury, medical supplies or appliances, or any other such relevant physical evidence preserved from the scene of the occurrence in question, or from the product or persons involved.

20. Identify each person whom you expect to call as an expert witness at trial, and for each state the following:

(a)     The general nature of the subject matter on which the expert is expected to testify.

(b)     The facts and opinions to which the expert is expected to testify.

(c)     State a summary of the grounds for each opinion.

    (d)    The date(s) on which said expert arrived at his or her respective opinions or conclusions.

    (e)    Whether said expert is undertaking further investigation, analysis or research in regard to this case at the time these Interrogatories are answered, and if so, describe same.

    (f)    Whether said expert anticipates any further work, investigation, analysis or research in regard to this case before trial.

21.    When were you last employed and by whom?

22.    What is your reason for leaving that employment?

                                       /s/ Dennis R. Bailey
                                       Dennis R. Bailey
                                       Attorney for Defendant
                                       Extreme Performance

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

9

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have filed the foregoing pleading through the ECMF system on this the 20th day of November, 2006, which will forward same to:

     Jock M. Smith  
     Brian P. Strength  
     Valerie Rucker Russell  
     Cochran, Cherry, Givens, Smith, Lane & Taylor  
     Post Office Box 830419  
     Tuskegee, Alabama   36083

     John E. Earnhardt  
     Robert Fowlkes  
     Maynard, Cooper & Gale  
     1901 Sixth Avenue North  
     2400 AmSouth/Harbert Plaza  
     Birmingham, Alabama   35203-2602

     /s/ Dennis R. Bailey  
     Of counsel