**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DELOISE PRICE,** | \| |
| | \| |
| **PLAINTIFF** | \| |
| | \| |
| VS. | \| **CASE NO. 2:06-CV-721** |
| | \| |
| **WAL-MART STORES, INC.,** | \| |
| et al., | \| |
| | \| |
| **DEFENDANTS** | \| |

**DEFENDANT EXTREME PERFORMANCE, INC.'S
REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 33, defendant Extreme Performance, Inc. (hereinafter "Extreme"), by and through its attorneys, RUSHTON STAKELY JOHNSTON & GARRETT, P.A., respectfully requests that Plaintiff provide full and complete answers to the following requests for production within thirty (30) days:

**DEFINITIONS AND INSTRUCTIONS**

As used in these Requests for Production, the terms below shall be understood to have the meanings described below:

1.     The term "Defendant Extreme" means and refers to the entity identified as Extreme Performance, Inc., or any related company or corporation, or

any of their employees, agents, representatives, or other persons alleged to have acted with authority or under such party's direction or control.

  2. The terms "Plaintiff," "you" and "your" mean Plaintiff Deloise Price.

  3. The term "photograph" means and includes any photographs, copies, or reproductions of photographs, negatives, film, or magnetic recordings, digital images, video recordings or tapes, movies, microfilm or microfiche recordings.

  4. The term "document" means and includes any writings, letters, memoranda, correspondence, notes, receipts, canceled checks, invoices, statements, carbon or photographic reproductions of any of the foregoing, electronically stored data or computer disks containing such data, or any other tangible object which permanently or semi-permanently records data or information. The term also includes any information stored on a computer system or by any other electronic means.

  5. The term "statement" means and includes any recording of statements made by a person who has knowledge of any relevant facts concerning the events, recordings, or occurrences which are in controversy in the above-styled and numbered cause, as well as any transcription of such statements and/or memoranda or writings concerning, reporting, or summarizing statements made by such persons.

6. The term "exercise product" means and refers to the Model EE 120 Deluxe Magnetic Elliptical Machine with Pulse which was allegedly involved in the incident made the basis of this suit, as described in Plaintiff's Complaint.

7. The term "maintenance" means and includes any work done for the purpose of preventing wear and tear and maintaining the exercise product in question and any component part or assembly of the same in good condition or good repair.

8. The term "modification" means and includes the addition of any new part, device, component, assembly, or piece of equipment to the exercise product in question which was not originally part of the exercise product when purchased. The term also includes removal, without replacement, or repositioning of any part, device, component, assembly, or piece of equipment which was originally supplied with the exercise product in question at the time of purchase.

9. The term "repair" means and includes any type of work done, including replacement of parts, to correct or attempt to correct mechanical problems, breakages, malfunctions, defects, or any other nonconforming aspect of the exercise product in question. This term shall also include adjustments made to correct or attempt to correct any problems or complaints.

10. The terms "occurrence in question" or "the accident" means and refers to the incident referred to in Plaintiff's Complaint to have occurred on

June 24, 2004, wherein it is alleged that Plaintiff was injured while using the exercise product.

11.    The term "identify" means to provide all known or last known information concerning the person or entity, including, but not limited to, the following: full name, address of residence, address of business, employer, phone numbers (business, home, cellular, pager), social security number, date of birth, FEIN, driver's license number, email address.  In addition, where current whereabouts are unknown, please identify any other person who may have knowledge of such whereabouts.

12.    Unless otherwise specified, the time period covered by these interrogatories is from June 24, 2004 to the present.

13.    Each Interrogatory and subparagraph or subdivision thereof is to be separately answered.  If you cannot respond to a particular interrogatory, so indicate why.

## REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, you are hereby requested to produce the below listed documents and/or items for purposes of discovery.  This material will be examined and/or photocopied; photograph negatives will be processed and photographs will be reproduced.  Said documents or tangible things are to be produced at the offices of, RUSHTON STAKELY JOHNSTON &

GARRETT, P.A., 184 Commerce Street, Montgomery, Alabama 36101, within thirty (30) days of the date of service hereof and supplemented hereafter in accordance with the Federal Rules of Civil Procedure.

These Requests are continuing.  Any information secured subsequent to the filing of your Responses, which would have been included in the Responses had it been known or available, is to be supplied by supplemental Responses.

The Responses should be inserted in the spaces provided in the Requests.  If there is insufficient space to Respond to a Request, the remainder of the Response should follow on a supplemental sheet.  Each Request must be responded to fully and completely.

1. The entire contents of any investigative file or files and any other documentary material in your possession or under your control which is in any way related to the accident involving Plaintiff that allegedly occurred on June 24, 2004, or any claims arising therefrom, excluding references to mental impressions, conclusions or opinions representing the value or merit of the claim or defense or excepting strategy or tactics and privileged communications from and to counsel.

2. Any and all statements in your possession or under your control concerning the accident described in Request No. 1 from all witnesses including any statements from the parties herein, or their respective agents, servants and employees and any 911 tapes.

3. The original image, or <u>clear</u> color copies thereof, and the negatives, of all photographs, digital images, animations, drawings charts, slides, motion pictures, films, or videotapes which depict any of the following:

    a. Any injuries or damages allegedly sustained as a result of the occurrence in question;

    b.     The exercise product in question, or any part, component, or assembly thereof;

    c.     Any portion of the scene or location of the occurrence in question;

    d.     Any allegedly defective or unreasonably dangerous condition existing with respect to the exercise product in question;

    e.     Any exercise equipment (other than the exercise product in question), or components thereof, which you contend to have been designed, manufactured, or marketed in a manner which is better or safer than that used on the exercise product in question, or which you propose as a feasible alternative design;

    f.     Any warnings or instructions which you allege to be better, safer or more effective than the warnings and instructions provided with the exercise product in question;

    g.     Any diagram, demonstrative aid or model intended to represent or depict any of the subjects described in subparts a - f of this request.

    h.     Any other fact, scene, or piece of information which is alleged to be relevant to any of the matters at issue in this case.

4.     If you are making a claim for loss of future earning capacity as a result of the occurrence in question, please provide any documents or other foundational materials used or relied upon to calculate and/or support your claim for this element of damages.

5.     All medical records and hospital records regarding all medical care and services, mental health services, counseling or other such professional services or care related to the injuries or other damages that you allege to have sustained as a consequence of the occurrence in question, including, but not limited to, office notes, correspondence, X-rays, medical reports, examinations, tests, photographs, and other such written or transcribed documents, of whatever description.

6.     All reports, notes, notations, correspondence, records, or other written or transcribed documents prepared by or directed to any psychiatrists, counselors, psychologists, therapists, or rehabilitation counselors regarding your examination and treatment, if any, and the findings and/or recommendations recorded with respect to any disability, injury, or damages which you claim to have sustained as a result of the occurrence in question.

7. Please produce any and all bills, receipts, canceled checks, and any other written records evidencing payments for any charges or out-of-pocket expenses allegedly incurred by you, or for your use and benefit, with respect to any injuries or damages you sustained as a result of the occurrence in question, including but not limited to expenses for ambulance services, pharmaceutical products, drugs, medications, therapeutic appliances, counseling, physician or professional services, psychologist or psychiatric services, hospitalization, emergency treatment, or any other similar expenses.

8. As to each consulting expert or other person, firm, or corporation whose work product has been reviewed or considered by any person that you may call at the trial of this cause as an expert witness, either by live testimony or by deposition testimony, please produce the following:

   a. Copies of all notes, reports and writings prepared by each such person regarding any matter relevant to this case, setting forth any factual observations, tests, calculations, conclusions and/or opinions of each such person, including draft reports or interim reports prepared prior to the final version;

   b. Any computer-generated images, drawings, photographs, charts, films, videotapes, or other tangible items created by each such person, given to or viewed by each such person, or considered by each such person;

   c. Any information or tangible objects, of any nature or description, which have been or will be examined or considered by each such person in forming any opinions relevant to the issues presented by your claims, including a hard-copy printout of any information stored by computer or other electronic means;

   d. A resume or curriculum vitae specifying the background of each such person;

   e. Any and all standards, codes, regulations, books, treatises, technical publications, and/or other supporting written or computerized data considered or relied upon by each such person, or considered authoritative by each such person, in the field of his work; and

7

    f.    Any and all notes, documents, records, photographs, letters, or any other written material of any kind whatsoever which has been provided to each such person by anyone; or which has been prepared or considered by each such person for use in this case, regardless of the contents of such documents, records, photographs, letters, notes, or other written materials, and regardless of the source from which such materials were acquired by such person.

    g.    A list of each occasion on which each such person has given testimony at trial or on deposition within the past 4 years, showing the date, case name, case number, court and location.

    h.    Any tangible item(s) intended for installation on, or attachment to, any type of exercise equipment, to the extent that such item(s) are proposed anyone to be feasible design alternative(s) for the exercise product in question, along with any equipment used to test or evaluate any such alleged design alternatives.

9. Any representations or statements made, at any time whatsoever, by any past or present employee, officer, director, representative, or agent of the defendant with respect to the occurrence in question, the exercise product in question or other exercise products manufactured by defendant; with respect to the design, manufacturing, assembly, marketing, engineering, or business practices of any defendant; or with respect to any of the other matters, events, or conditions in controversy in this lawsuit.

10. Any advertisements, promotional materials, written or printed materials of any nature (including photographs, films, videotapes) which allegedly contain or depict representations concerning the exercise product in question or other exercise equipment manufactured by defendant; concerning the design, manufacturing, marketing, engineering, or business practices of any defendant; or concerning any of the other facts or matters relevant to the claims you have made in this lawsuit.

11. Any statements, made at any time whatsoever, by any persons having knowledge of any facts, conditions, or events which are relevant to the occurrence in question, the exercise product in question, and/or to the matters in controversy in this lawsuit, including any transcripts, recordings or summaries thereof.

12. All documents, including computer files, records, or tangible items of any kind whatsoever which are in the possession, custody, or control of you or your attorneys and which touch upon, relate to, or concern any of the following:

    a. Any inspection, examination, testing, or analysis of the exercise product in question or of any components thereof;

    b. Any and all repairs, alterations or modifications made to the exercise product in question (including removal or repositioning of any component), whether before or after the occurrence in question;

    c. Any maintenance performed on the exercise product in question, whether before or after the occurrence in question;

    d. Any instructions, warnings, or other documents made available to the operator of the exercise product in question, concerning the use and/or operation of the exercise product in question, including, but not limited to, all manuals, pamphlets, books, literature, correspondence, or any other written documents, records, or writings providing or relating to any such instructions;

    e. Any express or implied warranty that you allege was applicable to the exercise product in question at the time of the occurrence in question, as well as any such materials which concern any alleged breach of any such warranties.

13. All agreements, contracts, arrangements, understandings, or deals, or any notes, correspondence or writings evidencing any such agreements, whether formal or informal, written or verbal, relating to any settlement, assignment, compromise, dismissal, or cooperation agreement between any persons or entities with regard to any of the claims brought by you or on behalf of the above captioned cause, or related causes of action against any person, party, firm, or corporation.

14. All regulations, standards, codes, or requirements that you allege are applicable to the exercise product in question, to the extent that any such materials relate to the claims that you have made against the defendant.

15. All documents or records of any kind whatsoever regarding any representations allegedly made by any employee, agent, or representative of

      the defendant concerning the exercise product in question or other exercise product manufactured by defendant, to the extent that you view any such representations as relevant to any issue in this case.

16. All documents, records, or writings of any kind whatsoever that were given to the consumer by the defendants in conjunction with the sale, loan, repair, or maintenance of the exercise product in question or in conjunction with any other fact or occurrence at issue in this suit.

17. All materials and/or other tangible items of any description that were taken or removed from the exercise product in question at any time before the occurrence in question; or from the exercise product in question or the scene of the occurrence in question, at any time following the occurrence in question.

18. Any exercise equipment, or components thereof, and copies of any and all written material or designs pertaining thereto, which you allege or claim to be alternative, feasible exercise product designs, and/or which you allege to be better, safer, or more suitable for use on exercise products such as the one in question, and/or which you allege should have been utilized, in whole or in part, rather than the design utilized for the exercise product in question.

19. Any documents, photographs, records, or writings of any kind whatsoever which purport to have been authored by, or originated from the defendants, or any of defendants' divisions, parent and subsidiary companies or corporations, their past or present employees, officers, directors, agents, representatives, or any person or entity alleged to be associated with or acting for or on behalf of any of the foregoing.

20. Each document, photograph, or tangible item of any description upon which you rely in support of your allegation that the exercise product in question was defective or unreasonably dangerous in any way, or which purport to evidence any such alleged defect.

21. Each document, photograph, or tangible item of any description upon which you rely in support of your allegation the defendants were negligent in any way, or which purport to evidence any such alleged negligence.

22. Each document, photograph, or other tangible item of any description upon which you intend to rely in support of your damage allegations in this suit,

      including any such item which purports to evidence any element of your alleged damages, the amount thereof, or the methods used by you to calculate the value of damages allegedly sustained by any plaintiff.

23. Each document, photograph, or other tangible item of any description upon which you intend to rely in support of your <u>punitive</u> damage allegations in this suit, including any such item which purports to evidence "wanton failure" on the part of either or both defendants.

24. Each document, photograph, computer-generated image, or other tangible item of any description which you have identified in your answers to any defendant's interrogatories to plaintiffs in this case.

25. A copy of any deposition transcript, trial or hearing transcript, or other sworn statement of any employee or representative of defendant, or of any expert witness who has been designated by defendant in this action.

26. The original or a legible copy of any and all notes, statements, reports or memoranda setting forth the facts disclosed in any and all surveys, inspections, testing or investigation with reference to the occurrence in question.

27. All interoffice memoranda between representatives of any of your insurance carriers, correspondence from or to any of your insurance carriers, or memoranda to any of your insurance carriers' files concerning any facts regarding the occurrence in question, or injuries and damages allegedly sustained as a consequence thereof.

28. A copy of any written incident report or written/recorded statement concerning the occurrence in question, prepared by or for any insurance carriers, governmental agencies or your employers.

29. All diagrams, blueprints, plans, specifications, pictures, and/or sketches of the scene of the occurrence in question, and/or the exercise product in question or other instrumentalities involved, and/or the manner in which the occurrence in question happened.

30. All deposition transcripts in your possession or under your control from other cases in which the claimant alleged that injuries were sustained as a

11

result of use of an exercise product similar to the one made the subject of this action.

          /s/ Dennis R. Bailey
          Dennis R. Bailey
          Attorney for Defendant
          Extreme Performance

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing pleading through the ECMF system on this the 20th day of November, 2006, which will forward same to:

    Jock M. Smith
    Brian P. Strength
    Valerie Rucker Russell
    Cochran, Cherry, Givens, Smith, Lane & Taylor
    Post Office Box 830419
    Tuskegee, Alabama 36083

    John E. Earnhardt
    Robert Fowlkes
    Maynard, Cooper & Gale
    1901 Sixth Avenue North
    2400 AmSouth/Harbert Plaza
    Birmingham, Alabama 35203-2602

          /s/ Dennis R. Bailey
          Of counsel