IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT
OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **Deloise Price,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2: 06 cv721-MHT |
| | ) |
| **Wal-Mart Stores, Inc.,** | ) |
| **Extreme Performance, Inc.,** | ) |
| | ) |
|     **Defendants.** | ) |

## RESPONSE TO MOTION TO DISMISS

Plaintiff files this response to the Defendants' Motion to Dismiss and states:

1.    On August 3, 2007, the Defendants filed a Motion to Dismiss the Plaintiff's claims alleging that she had somehow committed "fraud upon the court." (Doc. 24, p.1)

2.    Plaintiff has done no such thing. It is true that she was in a previous lawsuit involving an incident in November of 1998 at Bill's Dollar Store in Camden, AL. (Doc. 24, Ex. D) She freely admitted that in her deposition. (Doc. 24, Ex. A, 23:13) It is true that some of the same complaints she had after her incident at Bill's Dollar Store happen to be some of the same complaints that she had after her fall in this case. Far from being some type of fraud, it is to be expected.

3.    The Defendants' entire argument is based on the assertion that Plaintiff is "attempting to claim damages using the same complaints she used in a personal injury lawsuit in Wilcox County in 2001 while claiming she was in essentially excellent health prior to the accident in this case." (Doc. 24, p.3) Defendants *assume* that none of Plaintiff's injuries from the

1

1998 incident ever healed, that none of her injuries ever got any better, and that her condition never improved in the six years prior to her fall off of the exercise bike in 2004. They must assume this or else their logic makes no sense. They are, in effect, arguing that because she complains about certain things after both falls she must be lying, while never considering the possibility that her condition improved in the six years between incidents. For example, on page one of Exhibit E to the Defendants' motion, they make the following comparison from both depositions:

<u>19-Jan-07</u>

> "Before this happened I was playing ball and doing my household, you know, and going anywhere that I wanted, you know, to go and do, driving, playing with the grandchildren 24/7 and having sex with my husband when I wanted."

<u>18-Dec-01</u>

> "I can't wear heel and things like other peoples. I have to wear flat, soft shoes all the time, and I'm constantly in pain all the time. And it's caused so much conflict between me and my husband, sex and whatnot. I can't even have sex and stuff like that. It's so painful, my hip and leg."

It is entirely reasonable that there was a period of time after her 1998 incident where she could not do some of the things detailed in the testimony in 2001, but that she did get better over six years so that prior to the 2004 incident, she could do the things detailed in the 2007 testimony. Yet Defendants have pointed out these two excerpts as proof of what they loosely term perjury when in fact there is nothing inherently contradictory at all about the two statements. If closely examined, most of Exhibit E follows this same pattern.

    4.    Even if the Plaintiff had given inconsistent testimony in this case from her previous deposition years before, the Defendant is entitled to cross-examine and attempt to impeach the Plaintiff with that previous testimony. It will be left to the jury to determine if the

Plaintiff is testifying truthfully in this case. That is that way it is always done, and this case should be no different. Clearly, the Defendants have fallen short of the burden of proving that this Court should deny the Plaintiff her day in Court.

5.  Attached to this response is an affidavit from Ms. Price explaining that she did not intentionally give any contradictory testimony. (Ex. A) She states that she did suffer from some problems after her earlier fall, but most of those problems had resolved prior to the fall from the bicycle in this case. (Ex. A) She also clears up the issue of the prior epidural injections, which she states were for pain in her foot, which she has not claimed in this case. (Ex. A)

6.  The Court has the power to regulate litigation. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 630-631 (1962). However, denying a litigant her day in court is a drastic remedy. It is not warranted in this case.

Wherefore, the Plaintiff prays that this Court will deny the Motion To Dismiss.

Respectfully Submitted,

/s/ Brian P. Strength
JOCK M. SMITH (SMIO47)
BRIAN P. STRENGTH (STR052)
Attorneys for Plaintiff

**OF COUNSEL:**
COCHRAN, CHERRY, GIVENS & SMITH
Post Office Box 830419
Tuskegee, Alabama 36083
Tel: (334) 727-0060
Fax: (334) 727-7197

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing upon counsel listed below by electronic notification on this the 4th day of September, 2007;

Dennis Bailey
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101

                                         /s/ Brian P. Strength
                                         OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| Deloise Price, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2: 06 cv721-MHT |
| | ) |
| Wal-Mart Stores, Inc., | ) |
| Extreme Performance, Inc., | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF DELOISE PRICE

STATE OF ALABAMA     )
MACON COUNTY         )

Deloise Price, being duly sworn, state as follows:

1. My name is Deloise Price. I am over the age of 21 and am competent to testify about the matters stated herein, of which I have personal knowledge. I am making this affidavit in opposition to the Motion To Dismiss filed in this case.

2. I have reviewed both of my depositions that have been filed in this case. I have not lied or tried to be dishonest in either case. It is true that I suffered an injury in Bill's Dollar Store in Camden, Alabama, back in 1998. After that injury, I had some problems with my foot. Some of my activities were also limited for a time. However, most of that got better in the years after that accident.

3. At the time of my fall off of the exercise bicycle, I was doing pretty good. I was certainly doing well enough to want to exercise and lose some weight. When I gave a deposition in this case, I told the lawyer the truth to the best of my ability. Before this fall, I was playing ball and doing household chores and playing with my grandchildren. I was driving myself around. I did have what I would consider a normal sexual relationship with my husband. Before this fall, I could travel out-of-state.

4. Now, after my 1998 injury, there was a time when I could not do some of those things, but that got better over the years so at the time of this fall I was back to doing those types of things.

5. As for previous back trouble, I have not really had any. It is true that I previously had epidural injections, but those were for the pain in my foot, not pain in my back.

6. After this fall, I have hurt in places and in ways that I have not hurt before. I have been dependent on others, which I was not before this fall. As I stated, I was dependent on others for a time after my 1998 injury, but that had ceased years before this fall. I did not try to mislead anyone in my deposition. I tried to answer the lawyer's questions as best I could. If I have contradicted myself with prior testimony, then it was not intentional. I honestly feel as though I suffered two different injuries to two different parts of my body in the different accidents. I may have suffered, for a limited time, some of the same effects, but at the time of my fall from the bicycle in this case, I was in pretty good shape physically.

FURTHER AFFIANT SAITH NAUGHT.

_Deloise Price_
**Deloise Price**

Affiant sworn to and subscribed before me this 14 day of August, 2007.

_Brenda S. Pinkard_
Notary Public
My Commission Expires:- 9-12-2008

[SEAL]