```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


DELOISE PRICE,                 )
                               )
     Plaintiff,                )
                               )   CIVIL ACTION NO.
     v.                        )   2:06cv721-MHT
                               )
WAL-MART STORES, INC., and     )
EXTREME PERFORMANCE, INC.,     )
                               )
     Defendants.               )
```

# PRETRIAL ORDER

A pretrial conference was held in the above case on October 18, 2007, wherein, or as a result of which, the following proceedings were held and actions taken:

    **1.**    **Parties and trial counsel.**

The parties before the court are correctly named as set out below and the designated trial counsel for the parties are as set out below:

    **PARTIES**

    **TRIAL COUNSEL**

**Plaintiffs:**

| | |
|---|---|
| **Deloise Price** | Jock M. Smith |
| | Brian P. Strength |
| | Cochran, Cherry, Givens & Smith, P.C. |
| | Post Office Box 830419 |
| | Tuskegee, Alabama 36083 |

**Defendants:**

| | |
|---|---|
| **Wal-Mart Stores, Inc.** | |
| **Extreme Performance, Inc.** | Dennis Bailey |
| | Rushton, Stakely, Johnston & Garrett, P.A. |

>P.O. Box 270
>Montgomery, AL 36101

**Counsel Appearing At Pretrial Hearing:**

**Brian P. Strength for the Plaintiff.**

**Dennis Bailey for the Defendants.**

2. **Jurisdiction and venue: Jurisdiction exits under 28 U.S.C §1332. Venue is not contested.**

3. **Pleadings. The following pleadings have been allowed:**

    **Complaint of the Plaintiff**
    **Answer of Wal-Mart Stores, Inc.**
    **Answer of Extreme Performance, Inc.**

4. **Contentions of the Parties:**

    **(a) Plaintiff's contentions:**

    **On or about June 24, 2004, the Plaintiff was injured when she used an exercise product called a Model EE 120 Deluxe Magnetic Elliptical Machine manufactured and distributed by Extreme Performance, Inc. She bought the product at Wal-Mart. It was assembled at Wal-Mart. She paid a special fee for it to be assembled at Wal-Mart. When she began using it, the machine abruptly came apart, causing the Plaintiff to fall and suffer severe injuries. The machine came apart because it was negligently assembled, as it was assembled without all of the necessary parts. The Defendants had exclusive control of the assembly of the product sold to the Plaintiff. Defendants knew or should have known, with the exercise of reasonable care, that the product was dangerous and was not assembled properly. Defendants owed a duty to Plaintiff to make sure that the product was designed and assembled correctly. An agent of Wal-Mart, acting in the line and scope of his authority, negligently and wantonly assembled the machine. The failure of Defendants to exercise their duty caused the Plaintiff to suffer injuries and damages.**

    **The Plaintiff relied on the implied warranty of merchantability as outlined in the Uniform Commercial Code with respect to goods of the kind sold to Plaintiff. The product was defective in that is was not properly assembled.**

**As a direct and proximate consequence of the unwholesome condition of the said item and the Defendants' breach of the implied warranty of merchantability, Plaintiff was caused to suffer injuries and damages. Upon these general contentions, Plaintiff brings claims for:**

**1. Negligence and wantonness; and**

**2. Breach of the implied warranty of merchantability.**


**(b) Defendant's Contentions:**

**Defendants generally deny liability and demand strict proof thereof. Defendants plead contributory negligence and assumption of risk. If the bolt was missing it should have been obvious to Ms. Price upon use of the equipment and she continued to use the equipment nevertheless. Defendants plead lack of notice of any breach of warranty and a no causal relation defense. Defendants plead that the product was altered after sale. Defendants plead that the plaintiff's medical expenses have been paid by collateral sources. Ala. Code § 6-5-522 (1975). Defendants contend that plaintiff's claims should be barred by judicial estoppel as she is attempting to perpetrate a fraud upon the court by alleging injuries and damages that she has already claimed to have been caused by a previous incident which resulted in litigation and settlement.**


5.   Stipulations

None


**It is ORDERED that:**

**(1)   The jury selection and trial of this cause, which is to last one day, are set for November 26, 2007, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104.**

**(2) A trial docket will be mailed to counsel for each party**

        **approximately two weeks prior to the start of the trial term;**

**(3)**    **Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;**

**(4)**    **Trial briefs are required to be filed by November 21, 2007;**

**(5)**    **All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 9) entered by the court on September 26, 2006;**

**(6)**    **All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.**

**DONE this 19th day of October, 2007.**

           /s/ Myron H. Thompson
        **UNITED STATES DISTRICT JUDGE**