IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DELOISE PRICE,** | \| |
| **PLAINTIFF** | \| |
| vs. | \| **CASE NO. 2:06-CV-721** |
| **WAL-MART STORES, INC.,** et al., | \| |
| **DEFENDANTS** | \| |

## DEFENDANTS' REQUESTED JURY INSTRUCTIONS

Come now the Defendants and submit the attached jury instructions.

                         */s/ Dennis R. Bailey*
                         Dennis R. Bailey
                         Attorney for Defendant

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing pleading through the ECMF system on this the 9th day of November, 2007, which will forward same to:

>Jock M. Smith
>Brian P. Strength
>Valerie Rucker Russell
>Cochran, Cherry, Givens, Smith, Lane & Taylor
>Post Office Box 830419
>Tuskegee, Alabama   36083


>*/s/ Dennis R. Bailey*
>Of counsel

## **APJI 21.01 Plaintiff's Negligence Claim--General Denial**

The plaintiff claims the defendants were negligent as set out in the complaint and that their negligence combined and concurred to proximately cause certain injuries and damages suffered by the plaintiff.

The defendants in answer to plaintiff's complaint deny those allegations.

This presents for your determination the following:

Were the defendants, or either of them, negligent as claimed by the plaintiff? If so, was such negligence of either defendant the proximate cause of any injury and damages sustained by the plaintiff as claimed?

If you find both of the above issues in favor of the plaintiff and against (the defendants or either of them, what sum of money will fairly and reasonably compensate her for the injury and damages so sustained?

If either of the above elements are not proven to your reasonable satisfaction as to the defendants or either of them, then your verdict should be in favor of such defendants.

GIVEN_____          REFUSED_____

## **APJI 21.03 Plaintiff's Negligence Claim--Defense of Contributory Negligence**

The defendants have also interposed a defense of contributory negligence. By this defense the defendants claim that at the time and place specified the plaintiff herself was negligent in and about the operation of her exercise equipment and that the plaintiff's own negligence proximately caused or proximately contributed to cause the injuries and damages claimed by her.

If you are reasonably satisfied from the evidence that the defendants were guilty of negligence which proximately caused injury and damages to the plaintiff and the plaintiff was not guilty of contributory negligence as claimed by the defendants, then you will determine what sum of money will fairly and reasonably compensate her for the injury and damages so sustained.

If you are reasonably satisfied from the evidence that the plaintiff was guilty of contributory negligence as claimed by the defendants, the plaintiff would not be entitled to recover.

GIVEN_____          REFUSED_____

## APJI 30.00 Definition

Contributory negligence is negligence on the part of the plaintiff that proximately contributed to the alleged injury and damages.

GIVEN_____                REFUSED_____

## APJI 30.02 Effect of Contributory Negligence on Simple Negligence

If you are reasonably satisfied from the evidence that the plaintiff was guilty of contributory negligence, the plaintiff cannot recover for any initial simple negligence of the defendants.

GIVEN_____        REFUSED_____

**<u>APJI 30.05 Assumption of Risk--Elements</u>**

The three elements essential to assumption of risk (or contributory negligence) in cases of this kind are that the party charged with assumption of risk (or contributory negligence) (1) had knowledge of the existence of the dangerous condition and (2) with appreciation of such danger (3) failed to exercise care for her own safety by putting herself in the way of such known danger.

GIVEN_____          REFUSED_____

## APJI 32.03 Suit for Property Damage Based on an Implied Warranty of Merchantability--Elements of Proof

Plaintiff must reasonably satisfy you from the evidence that the following facts and conditions combined and concurred to produce the damage claimed by the plaintiff:

1. That defendant was a merchant with respect to goods of the same kind as the product or article in question, in this case, the exercise equipment;

2. That defendant sold the exercise equipment in question to the plaintiff;

3. That the exercise equipment in question was used for the ordinary purposes for which such products are used;

4. That the exercise equipment in question was defective, or unmerchantable, that is, not fit for the ordinary purposes for which such products are used;

5. That the defect in the exercise equipment proximately caused damage to the plaintiff;

6. That plaintiff gave notice to defendants within a reasonable time after she discovered or should have discovered the alleged breach of warranty.

GIVEN_____          REFUSED_____

**APJI 32.18 Assumption of Risk Defense--When the Product Is Defective**

The defendants claim that the consumer assumed the risk of injury. The defendants' answer raising assumption of risk is an affirmative defense. Therefore, the burden is upon the defendants to reasonably satisfy you from the evidence that the consumer was aware of the defect, was aware of the danger, and nevertheless voluntarily proceeded unreasonably to make use of the product and as a proximate result was injured by the product.

GIVEN_____          REFUSED_____