IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DELOISE PRICE,** | \| |
| **PLAINTIFF** | \| |
| vs. | \|  **CASE NO. 2:06-CV-721** |
| **WAL-MART STORES, INC.,** et al., | \| |
| **DEFENDANTS** | \| |

## DEFENDANTS' SUPPLEMENTAL REQUESTED JURY INSTRUCTIONS

Come now the Defendants and submit the attached jury instructions. These instructions are in addition to the requested instructions filed by Defendants previously in this matter.

                             _/s/ Bethany L. Bolger_____
                             Dennis R. Bailey
                             Bethany L. Bolger
                             Attorneys for Defendants

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rsjg.com (e-mail)
blb@rsjg.com (e-mail)

2

## CERTIFICATE OF SERVICE

    I hereby certify that I have filed the foregoing pleading through the CM/ECF system on this the 22nd day of January 2008, which will forward same to:

>Jock M. Smith
>Valerie Rucker Russell
>Cochran, Cherry, Givens, Smith, Lane & Taylor
>Post Office Box 830419
>Tuskegee, Alabama   36083

                                          */s/ Bethany L. Bolger*_____
                                          Of counsel

**11th Cir. PJI (Civil 2005) 3: Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

GIVEN_____          REFUSED_____

## 11th Cir. PJI (Civil 2005) 4.1: Impeachment of Witnesses - Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

GIVEN_____        REFUSED_____

5

**APJI 15.14: Witnesses Swearing Falsely**

If you find that any witness has willfully sworn falsely as to any material fact in this case, you may disregard the testimony of that witness in its entirety.

GIVEN_____          REFUSED_____